2004 UT App 171

**STATE of Utah, DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**UTAH CAREER SERVICE REVIEW BOARD, Respondent.**

No. 20030155–CA.

Court of Appeals of Utah.

May 20, 2004.

Mark L. Shurtleff, Attorney General, Laurie L. Noda, and Brent A. Burnett, Assistant Attorneys General, Salt Lake City, for Petitioner.

Mark L. Shurtleff, Attorney General, Joel A. Ferre, and Mark E. Burns, Assistant Attorneys General, Salt Lake City, for Respondent.

Before Judges DAVIS, GREENWOOD, and THORNE.

### MEMORANDUM DECISION

DAVIS, Judge:

¶1 The Utah Department of Public Safety (Department) seeks review of a final decision of the Utah Career Service Review Board (Board) in the matter of Utah Highway Patrol Trooper Ross G. Pace. We reverse and remand.

¶2 The Department argues that the Board erred in its interpretation of the Department's pursuit policy (the policy) and its decision to reverse the Department's determination that Pace violated the policy.

Under the Utah Administrative Procedures Act, we must determine whether the [Board], by virtue of its experience or expertise, is in a better position than [we are] to give effect to the regulatory objective to be achieved. If so, we review the [Board]'s decision to see if it was reasonable or rational. If not, we review it for correctness.

*Utah Dep't of Corr. v. Despain,* 824 P.2d 439, 443 (Utah Ct.App.1991) (second alteration in original) (quotations, citation, and footnotes omitted). In this case, we conclude that the Board is not in a better position than we are to give effect to the policy and, therefore, we review the Board's decision for correctness. *See id.*

¶ 3 The policy defines the term "vehicular pursuit" as "[a]n active attempt by an officer in an authorized emergency vehicle to apprehend fleeing suspects who are attempting to avoid apprehension through evasive and unlawful tactics." The policy also sets forth the following requirements for initiation of a "vehicular pursuit":

> Any law enforcement officer in a department vehicle with operable emergency vehicle equipment and radio *may* initiate a vehicular pursuit when the following criteria are met:
>
> a. The suspect exhibits the intention to avoid apprehension through evasive or unlawful tactics.
>
> b. The suspect operating the vehicle refuses to stop at the direction of the officer.
>
> c. The suspect's actions are such that failure to pursue would further enhance the danger presented to the public.

(Emphasis added.)[1] After an officer initiates a "vehicular pursuit" pursuant to the preceding definition and requirements, the policy then requires that the officer adhere to numerous procedures. The Department argues that the Board erred by interpreting the policy to mean that "these required procedures come into effect only after [an officer] makes a subjective decision that he or she is involved in a[ vehicular] pursuit."

1. Despite the Department's assertions to the contrary at oral argument, these requirements clearly supplement the definition of a "vehicular pursuit" under the policy. Because each of the requirements must be satisfied before an officer may initiate a "vehicular pursuit," it logically follows that they help to define what constitutes a "vehicular pursuit."

2. The Department asserts that the Board's interpretation of the policy has made it "unenforceable" "[b]y reading into the definition" of a "vehicular pursuit" "an absolute discretion on the part of an officer in determining whether his or her actions meet the definition" of a "vehicular

¶ 4 Under the plain language of the policy, the preceding definition and requirements focus primarily on the suspect's conduct and the officer's subjective determinations about the suspect's conduct, rather than the officer's conduct. Further, the ultimate decision about whether to initiate a "vehicular pursuit" is left to the officer. However, contrary to the Board's interpretation of the policy, the officer's subjective determination as to whether he or she initiated a "vehicular pursuit" is not the controlling or overriding factor in determining whether the officer was engaged in a "vehicular pursuit"; rather, it is one of several factors that must be considered.[2]

¶ 5 Thus, we disagree with the Board's application of the policy to the facts of this case. Pace's "Incident Report" provides: (1) Pace was eastbound in an authorized emergency vehicle; (2) Pace noticed the suspect traveling westbound at a high rate of speed; (3) after using his radar to determine that the suspect was speeding, Pace activated his emergency lights and began a U-turn through the median; (4) while passing Pace, the suspect "looked right at [Pace] and then sped up"; (5) after completing his U-turn, Pace "started to chase" the suspect; (6) while chasing the suspect for nearly ten miles, Pace "could keep track of" the suspect in front of him, but could not gain on the suspect at speeds of eighty to one hundred miles per hour; (7) Pace observed the suspect pass two vehicles in the emergency lane and swerve across several lanes of traffic; and (8) after the suspect pulled into a rest area and stopped, Pace arrested the suspect for evading.[3]

pursuit." Our decision respecting the Board's interpretation of the policy should remedy this concern. Under our interpretation of the plain language of the policy, the officer is left with the discretion to initiate a "vehicular pursuit," but not "absolute discretion" in determining whether his or her actions satisfy the definition and requirements of a "vehicular pursuit."

3. The relevant part of the statute governing evading provides:

> An operator who receives a visual or audible signal from a peace officer to bring the vehicle to a stop may not:

¶ 6 Accordingly, Pace determined that "[t]he suspect exhibit[ed] the intention to avoid apprehension through evasive or unlawful tactics"; "[t]he suspect operating the vehicle refuse[d] to stop at the direction of the officer"; and "[t]he suspect's actions [were] such that failure to pursue would[ have] further enhance[d] the danger presented to the public." The report also shows that Pace's actions qualified as "[a]n active attempt by an officer in an authorized emergency vehicle to apprehend fleeing suspects who [were] attempting to avoid apprehension through evasive and unlawful tactics." Although Pace later testified that he believed he was not involved in a "vehicular pursuit," this self-serving testimony does not trump the undisputed facts set out in Pace's incident report establishing that both the definition and requirements of a "vehicular pursuit" were satisfied. Because Pace's ac-

tions satisfied the definition and requirements of a "vehicular pursuit" under the policy, we conclude that the Board erred by reversing the Department's determination that Pace violated the policy.

¶ 7 We reverse and remand to the Board for such proceedings as may now be appropriate.

¶ 8 WE CONCUR: PAMELA T. GREENWOOD and WILLIAM A. THORNE JR., Judges.

(i) operate the vehicle in willful or wanton disregard of the signal so as to interfere with or endanger the operation of any vehicle or person; or

(ii) attempt to flee or elude a peace officer by vehicle or other means.

Utah Code Ann. § 41–6–13.5(1)(a)(i)(ii) (Supp. 2003).